Wu v. Barr

BIA
Poczter, IJ
A209 218 799

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand nineteen.

PRESENT:
BARRINGTON D. PARKER,
CHRISTOPHER F. DRONEY,
MICHAEL H. PARK,
        *Circuit Judges.*

_____

JIN MEI WU, AKA JINMEI WU,
        *Petitioner,*

v.                                          18-256
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:           Adedayo O. Idowu, Esq., New York, NY.

FOR RESPONDENT:           Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Mei Wu, a native and citizen of the People's Republic of China, seeks review of a December 29, 2017, decision of the BIA affirming an April 26, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Mei Wu,* No. A209 218 799 (B.I.A. Dec. 29, 2017), *aff'g* No. A209 218 799 (Immig. Ct. N.Y. City Apr. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's

2

or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Wu was not credible.

Wu alleged past persecution in China on account of her practice of Christianity. The agency reasonably relied on Wu's inconsistent statements regarding incidents that occurred during her alleged detention, including that she was forced to work in a shoe factory, was not given food, and was hit by a guard for spreading the gospel. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. During Wu's credible fear interview, she testified that she was required to work at a shoe factory while she was detained and a guard hit her for talking about the gospel; she did not mention these incidents in her testimony. Moreover, during her testimony, she stated that she had been

3

starved for two days while detained, but she did not mention this fact in her written application or credible fear interview. These inconsistent descriptions of the sole incident of past harm provide substantial evidence for the adverse credibility determination. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir. 2004) (holding that "materially different accounts" of past persecution "may render the alien's testimony incredible"); see also *Hong Fei Gao*, 891 F.3d at 78–79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [petitioner's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citation omitted)). The agency was not required to credit Wu's explanation that she was nervous. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically

4

undermines or negates its reliability as a source of her statements."); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Wu's challenge to the agency's reliance on the record of the credible fear interview is unexhausted because she did not raise it before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22 (2d Cir. 2007) (requiring petitioner to exhaust all issues before the BIA). Moreover, as the IJ determined, the interview has sufficient indicia of reliability because it was memorialized in a typed question and answer format, indicating a close to verbatim record. The interview included questions designed to elicit an asylum claim, such as why Wu left China and what she believed would happen upon her return. Moreover, Wu was responsive to the questions during the interview, which was conducted through a Mandarin interpreter. *See Ming Zhang*, 585 F.3d at 724-25.

We decline to uphold the agency's finding of inconsistency between Wu's statement that the police visited

5

her home every night after she evaded a subsequent arrest and her husband's letter which reported that they were under surveillance because the statements are not necessarily inconsistent. *See Gurung v. Barr,* 929 F.3d 56, 61 (2d Cir. 2019).

Having questioned Wu's credibility, the agency reasonably relied on her failure to rehabilitate her testimony with corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The letter from Wu's husband lacked detail, did not explicitly corroborate that the police visited their home, and was from an interested witness not subject to cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" and upholding agency's decision not to credit letter from applicant's spouse in China). Wu's only other evidence relating to past events was a "Public Law Enforcement Decision" which stated

there was evidence she attended a Christian gathering and that she would be detained for ten days and fined. The agency did not abuse its discretion in declining to credit the document as it did not resolve the inconsistencies in Wu's descriptions of her detention. *See Y.C.*, 741 F.3d at 332.

Given the inconsistent descriptions of Wu's detention and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The agency therefore properly denied asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7